CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 10 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID JUSTIN BISHOP, | |
| Plaintiff, | Civil Action No. 7:07-cv-00560 |
| v. | MEMORANDUM OPINION |
| MRS. Y. TAYLOR, et al., | By: Hon. Jackson L. Kiser |
| Defendants. | Senior United States District Judge |

Plaintiff David Justin Bishop, a Virginia inmate currently incarcerated in the Greenrock Correctional Center, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps

---

[1] Plaintiff alleges that he fell from an upper bunk bed on July 23, 2007. His complaint arises largely from that fall. He also alleges that he has been deprived of prednisone (a corticosteroid), Imuran (azathioprine, an immunosuppressant), and Oxycontin (oxycodone, an opioid analgesic) for the treatment of his "liver and pain problems."

that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff has submitted a statement verifying that he has exhausted his administrative remedies by appealing his claims to the highest available level of the administrative remedies procedures; the verified statement also explicitly attests that "[c]opies of the record of the proceedings are attached to this statement."[2] However, the record plaintiff has

---

[2] On December 6, 2007, the complaint was conditionally filed and plaintiff was directed to provide, inter alia, documentation of his exhaustion of all available administrative remedies. Plaintiff has submitted copies of the following: a Greenrock Correctional Center Request Form, submitted on December 5, 2007, regarding which plaintiff received a staff response dated December 6, 2007; a Greenrock Correctional Center Request Form, submitted on November 19, 2007, regarding which plaintiff received a staff response dated December 6, 2007; a Greenrock Correctional Center Informal Complaint Form, submitted on July 30, 2007, regarding which plaintiff received a staff response dated July 31, 2007; a Greenrock Correctional Center Informal Complaint Form, submitted on November 13, 2007, regarding which plaintiff received a staff response dated November 16, 2007; a Regular Grievance Form, submitted on July 27, 2007, regarding which plaintiff received an adverse intake decision (for failure to first attempt to use the informal process to resolve the issues) on July 30, 2007; a Greenrock Correctional Center Request Form, submitted on October 18, 2007, regarding which plaintiff received a staff response dated October 19, 2007; a Greenrock Correctional Center General Request Form, submitted on August 10, 2007, regarding which plaintiff received a staff response dated August 19, 2007; a Greenrock Correctional Center General Request Form, submitted on August 17, 2007, regarding which plaintiff received a staff response dated August 21, 2007; a Greenrock Correctional Center General Request Form, submitted on August 10, 2007, regarding which plaintiff received a staff response dated August 19, 2007; a Greenrock Correctional Center
(continued...)

submitted, while voluminous, consists mostly of Greenrock Correctional Center Request Forms. Plaintiff presents documentation of ten instances of filing Request Forms, twice filing Emergency Grievances, twice filing Informal Complaints, and twice filing Regular Grievances, but submits no documentation whatsoever of even one instance of having grieved an issue any further beyond the Request Form, Emergency Grievance, Informal Complaint, or Regular Grievance stage; in no case does plaintiff present any documentation of having appealed an adverse decision. Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his statement verifying his proper exhaustion of all available administrative remedies that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 10th day of January, 2008.

Senior United States District Judge

---

²(...continued)
Request Form, submitted on September 28, 2007, regarding which plaintiff received a staff response dated September 29, 2007; a Greenrock Correctional Center Request Form, submitted on November 1, 2007, regarding which plaintiff received a staff response dated November 2, 2007; a Virginia Department of Corrections ("VDOC") Emergency Grievance Form, submitted on October 3, 2007, regarding which plaintiff received a response on October 3, 2007; a Greenrock Correctional Center Request Form, submitted on September 28, 2007, regarding which plaintiff received a staff response dated October 2, 2007; a Greenrock Correctional Center Request Form, submitted on September 4, 2007, regarding which plaintiff received a staff response dated September 5, 2007; a VDOC Emergency Grievance Form, submitted on July 27, 2007, regarding which plaintiff received a response on July 27, 2007; and a Regular Grievance Form, submitted on July 25, 2007, regarding which plaintiff received an adverse intake decision (because the grievance constituted a request for services, rather than a grievance issues) on July 26, 2007.